**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2477**

MICHELE WILLIAMS,

Plaintiff - Appellant,

v.

MORGAN STATE UNIVERSITY; DEWAYNE WICKHAM, in his personal capacity,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:19-cv-00005-GLR)

Submitted: December 21, 2020                    Decided: March 18, 2021

Before KEENAN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Daniel E. Kenney, DK ASSOCIATES, LLC, Chevy Chase, Maryland; Morris E. Fischer, MORRIS E. FISCHER, LLC, Silver Spring, Maryland, for Appellant. Brian E. Frosh, Attorney General, Catherine A. Bledsoe, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Williams appeals the district court's orders dismissing her complaint and denying her Fed. R. Civ. P. 59(e) motion. Because the district court erroneously relied on the Eleventh Amendment in dismissing her complaint, we affirm in part, vacate in part, and remand for further proceedings.

I.

Williams filed a four-count complaint in Maryland state court against Morgan State University ("the University") and Dean Dewayne Wickham (collectively, Defendants), alleging claims of wrongful termination in violation of Maryland public policy (Count 1); defamation (Count 2); retaliation in violation of the National Defense Authorization Act for Fiscal Year 2013, 41 U.S.C. § 4712, and Section 1553 of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 115, 297–302 (Count 3); and discrimination and retaliation in violation of 42 U.S.C. § 1981 (Count 4). Defendants removed this case to federal court and moved to dismiss for failure to state a claim under to Fed. R. Civ. P. 12(b)(6). In her opposition to the motion, Williams withdrew the § 1981 claim alleged in Count 4. In a reply brief, Defendants argued for the first time that Williams' retaliation claims in Count 3 were barred by the Eleventh Amendment and state sovereign immunity.

The district court granted Defendants' motion to dismiss. Although the court noted Defendants first raised immunity in their reply brief, the court excused their failure to do so because sovereign immunity is a jurisdictional issue. The court held that Defendants

had immunity under the Eleventh Amendment. The court also found that Williams failed to state a claim in Counts 1 and 2 of her complaint.

Williams filed a motion for reconsideration under to Fed. R. Civ. P. 59(e), solely contending that the district court erred in dismissing Count 3 based on Eleventh Amendment immunity. The district court denied her motion. The court emphasized that Williams could have filed for leave to file a surreply brief to address immunity and that it would have granted that request and that she may not use Rule 59(e) to excuse her failure to do so. Williams timely appealed.

## II.

On appeal, Williams contends that the district court erred in dismissing Count 3 and in denying her Rule 59(e) motion.[1] "The existence of sovereign immunity is a question of law that we review de novo." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332 (4th Cir. 2008) (brackets omitted) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). Because we find that the district court erred in relying on the Eleventh Amendment rather than answering the sovereign immunity question, we do not resolve whether the district abused its discretion in denying the Rule 59(e) motion. So we vacate the immunity analysis and remand for the district court to determine whether Maryland has waived its sovereign immunity.

---

[1] Because Williams does not contest the district court's dismissal of her other claims, we affirm those portions of the district court's dismissal order. *See Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (brackets and internal quotation marks omitted) (quoting *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015))).

The Eleventh Amendment prevents federal courts from hearing "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This is a rather narrow and precise provision that only bars a suit against a state by a noncitizen of that state, which is not the case here. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011). Moreover, the Supreme Court has held that a State waives its Eleventh Amendment immunity by voluntarily removing a case to federal court, which did occur here. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 619–20 (2002). For both of those reasons, the Eleventh Amendment simply does not apply, and the district court legally erred when it dismissed Williams' retaliation claims solely based on Eleventh Amendment immunity.

State sovereign immunity, on the other hand, is a broader doctrine that "bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it." *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019). While courts often discuss both doctrines under the banner of Eleventh Amendment immunity, "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by [the Supreme] Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999); *see also Hans v. Louisiana*,

134 U.S. 1, 15–16 (1890). Unlike Eleventh Amendment immunity, a state does not waive its sovereign immunity by removing a suit to federal court. *Passaro*, 935 F.3d at 247.

Although the Eleventh Amendment does not apply here, for the reasons stated above, state sovereign immunity may apply and was not waived by removal. Yet the district court did not answer whether Maryland waived its sovereign immunity through the Maryland Tort Claims Act, Md. Code Ann., State Gov't §§ 12-101 to -110. Because the district court has not addressed this key legal issue, we remand to the district court for it to address the issue in the first instance. *See Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (recognizing that "we are a court of review, not of first view" (alteration and internal quotation marks omitted) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005))).[2]

III.

Accordingly, we affirm the district court's dismissal order in part, vacate the district court's order dismissing Williams' retaliation claim for Eleventh Amendment immunity, and remand for further proceedings. By this disposition, we express no view on whether Maryland has waived its sovereign immunity through the Maryland Tort Claims Act or on the merits of Williams' retaliation claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

---

[2] For these same reasons, we decline to address Defendants' arguments that Williams' retaliation claims fail on the merits.